**WO** KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jermaine Jordan, | No. CV 10-1538-PHX-MHM (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Arizona Department of Corrections, et al., | |
| Defendants. | |

Plaintiff Jermaine Jordan, who is confined in the Arizona State Prison Complex-Lewis, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will dismiss the Complaint with leave to amend.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $4.78. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . .

. . .

**JDDL-K**

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was

1 required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

**III. Complaint**

Plaintiff names the following Defendants in the Complaint: Arizona Department of Corrections (ADOC); ADOC Director Charles Ryan; former ADOC Director Dora Schriro; C.O. II Morgan; C.O. III Moore; and Inmate Bassy Mitchell.

Plaintiff's sole ground for relief is that his Fourth Amendment rights were violated when Defendants failed to respond to a threat to Plaintiff's safety. Plaintiff alleges that on August 18, 2008, he was sexually assaulted by his cellmate, Bassy Mitchell. Plaintiff states that "On 8-19-08 thru 8-20-08, . . . [Plaintiff] submitted statements to [his] assigned C.O. III, Counselor, C.O. III Moore, who ignored [his] plea for help and failed to respond in a timely professional fashion to prevent further sexual assault by Inmate Bassy Mitchell." Plaintiff states that he also submitted a Health Needs Request, but did not receive medical treatment until August 21, 2008. Plaintiff states that he also informed C.O. II Morgan that "it was going to be a problem with Inmate Bassy Mitchell" when Defendant Mitchell was moved into Plaintiff's cell on August 18, 2008, but that Defendant Morgan replied, "Inmate Mitchell is harmless."

Plaintiff seeks money damages.

**IV. Failure to State a Claim**

    **A. Arizona Department of Corrections**

The Arizona Department of Corrections is not a proper Defendant. Under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Furthermore, "a state is not a 'person' for purposes of section 1983. Likewise 'arms of the State' such as the Arizona Department of Corrections are not 'persons' under section 1983." Gilbreath v.

JDDL-K - 3 -

Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted). Therefore, the Court will dismiss Defendant Arizona Department of Corrections.

### B. Defendants Ryan and Schriro

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.

Plaintiff has not alleged that Defendants Ryan or Schriro personally participated in a deprivation of Plaintiff's constitutional rights, were aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries. Thus, the Court will dismiss without prejudice Defendants Ryan and Schriro.

### C. Defendant Mitchell

To state a claim under § 1983, a plaintiff must allege that the defendant was acting under color of state law at the time the acts complained of were committed, and that defendant deprived Plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Briley v. California, 564 F.2d 849, 853 (9th Cir. 1977). Thus, § 1983 is not invoked by "purely private conduct." Id. Private action, no matter how wrongful, is not actionable under § 1983. Id.

Defendant Mitchell is a private actor and therefore cannot be sued under § 1983. The Court will also dismiss Defendant Mitchell.

### D. Failure to Protect

1  The Supreme Court has held that mere negligent failure to protect an inmate from another inmate is not actionable under § 1983. Davidson v. Cannon, 474 U.S. 344 (1986). A prison official violates the Eighth Amendment in failing to protect one inmate from another only when two conditions are met. First, the alleged constitutional deprivation must be, objectively, "sufficiently serious;" the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety. Id. In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test:

> the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 839 (emphasis supplied).

Further, although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id.

With respect to Defendant Moore, Plaintiff alleges that Defendant Moore failed to respond to Plaintiff's complaint about the attack in a timely or professional manner in order to prevent further attacks. Plaintiff does not describe what Defendant Moore failed to do, nor does Plaintiff allege that he was subsequently attacked after complaining of the first attack. It is unclear whether Defendant Moore took some action that Plaintiff found insufficient or whether Defendant Moore simply failed to act at all.

To the extent that Plaintiff claims he did not receive medical treatment for three days, Plaintiff has failed to describe who was responsible for denying him medical care. Again, to state a claim, Plaintiff must allege that he suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo, 423 U.S. at 371-72, 377.

Finally, with respect to Defendant Morgan, Plaintiff alleges only that he informed Defendant "it was going to be problem with Inmate Bassy Mitchell." This statement does not indicate that Plaintiff was specifically concerned for his physical safety before the attack and is not enough to demonstrate that Defendant Morgan was deliberately indifferent to a risk of harm to Plaintiff. To state a claim against Defendant Morgan, Plaintiff must show both that Defendant Morgan knew there was a risk of harm to Plaintiff and that Defendant Morgan failed to act. Plaintiff has therefore failed to state a claim.

**V.     Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. See Rizzo, 423 U.S. at 371-72, 377.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original

complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**VI.    Warnings**

    **A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

    **B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **C.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **D.    Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

1     **E.     Possible Dismissal**

2     If Plaintiff fails to timely comply with every provision of this Order, including these
3 warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at
4 1260-61 (a district court may dismiss an action for failure to comply with any order of the
5 Court).

6 **IT IS ORDERED:**

7     (1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 3) is **granted**.

8     (2)     As required by the accompanying Order to the appropriate government agency,
9 Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $4.78.

10     (3)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim. Plaintiff has
11 **30 days** from the date this Order is filed to file a first amended complaint in compliance with
12 this Order.

13     (4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of
14 Court must, without further notice, enter a judgment of dismissal of this action with prejudice
15 that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

16     (5)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil
17 rights complaint by a prisoner.

18     DATED this 24th day of August, 2010.

                        Mary H. Murgia
                        United States District Judge